IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES KURTZEBORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00746-DWD |
| | ) |
| MICHELLE RITZHAUPT | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant Michelle Ritzhaupt (Doc. 5). Plaintiff Charles Kurtzeborn filed a Response (Doc. 8), and on October 4, 2022, the Court held a hearing on the matter (Doc. 8). For the reasons set forth below, the Motion to Dismiss is **GRANTED** with prejudice.

## I. BACKGROUND

The parties to this action were involved in a car accident on November 11, 2014. On November 9, 2016, two days before the expiration of the statute of limitations, Plaintiff filed his initial complaint in Madison County Circuit court alleging he sustained injuries as a result of the car accident (Doc. 6-1). The complaint, however, was never served, and, on July 24, 2019, the action was dismissed for lack of prosecution. *Id*. Plaintiff refiled the complaint on July 22, 2020 (Doc. 6-2). Service of process, however, was not completed until March 18, 2022 – over five years and four months after the expiration of the statute of limitations. *Id*.

1

On April 15, 2022, Defendant removed the action on the basis of diversity jurisdiction (Doc. 1) and shortly thereafter filed a motion to dismiss for insufficient service of process (Docs. 5 and 6). Defendant's motion to dismiss is supported by records from the Madison County circuit court (Docs. 6-1, 6-2, 6-4, and 6-5), and by an affidavit indicating that, from November 2014 until approximately May 2017, she resided at an address in Brighton, Illinois (Doc. 6-3). This address was set forth on her driver's license, and she received mail at that address (Doc. 6-3). Defendant moved to an address located in Bucyrus, Ohio in May 2017. *Id.* She had her driver's license changed to reflect the new address and she received mail at the new address upon establishing residence there. *Id.*

## II.   LEGAL STANDARD

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Federal Rule 12(b)(5) provides that a party may move to dismiss a complaint based upon insufficient or delayed service of process. *See Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011). Analysis under Federal Rule 12(b)(5) may include consideration of matters outside the pleadings. *See Harris v. Gland-O-Lac Co.*, 211 F.2d 238 (6th Cir. 1954) (wherein the court relied on affidavits in quashing service). "In determining whether service has been properly made [under Federal Rule 12(b)(5) ], 'the facts are viewed in a light most favorable to the non-moving party.' " *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.,* Nos. 2:07-CV-358 JVB, 3:08-CV-60-JVB, 2009 WL 2762763, at *1 (N.D.Ind. Aug.26, 2009); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir .2003) (discussing the standard

governing a similar motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction). However, a plaintiff's diligence as it relates to service of process "must be established factually, by affidavits in conformance with the rules of evidence." *Mayoral v. Williams,* 219 Ill.App.3d 365, 162 Ill.Dec. 382, 579 N.E.2d 1196, 1199 (Ill.App.Ct.1991). *See also Bachenski v. Malnati*, 11 F.3d 1371, 1376 (7th Cir. 1993) (Plaintiff has the burden of establishing sufficiency of service of process, or to demonstrate good cause for any failure to effect service within the required time limit).

Here, because Defendant removed this lawsuit from state court, Illinois Supreme Court Rule 103(b) — instead of Rule 4(m) — governs whether this suit should be dismissed based upon insufficient service of process. FED. R. CIV. P. 81(c); *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 (7th Cir. 2001) ("federal courts may apply state procedural rules to pre- removal conduct," including "the timeliness of service of process."); *Allen v. Ferguson,* 791 F.2d 611, 616 n. 8 (7th Cir. 1986) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made....").

Rule 103(b) "calls for plaintiffs to 'exercise reasonable diligence' in serving process, as measured by 'the totality of the circumstances.' " *Kimbrell v. Brown*, 651 F.3d 752, 754 (7th Cir. 2011). In calculating the time spent in effectuating service for purposes of a Rule 103(b) motion, Illinois courts consider the periods of time before a dismissal for lack of prosecution and after a refiling as separate time frames that must be added together in assessing diligence. *See Case v. Galesburg Cottage Hospital*, 880 N.E.2d 171 (Ill. 2007);

3

*Martinez v. Erickson*, 127 Ill.2d 112, 119, 535 N.E.2d 853 (1989) ("A ruling on a Rule 103(b) dismissal motion, made following service of process of a refiled action, therefore requires an examination of the plaintiff's diligence in the original action as well as in the refiled action even if service was never effected in the original action").

When deciding whether to grant dismissal pursuant to Rule 103(b), Illinois courts look to the following seven factors: (1) the length of time used to obtain service of process, (2) the activities of the plaintiff, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) the defendant's knowledge of the pendency of the lawsuit, (6) special circumstances which would affect the plaintiff's efforts, and (7) actual service on the defendant. *Segal v. Sacco*, 136 Ill. 2d 282, 287, 144 Ill.Dec. 360, 555 N.E.2d 719. These factors must be contemplated in light of the purpose of Rule 103(b). *Id.* Nevertheless, it is settled that dismissal under Rule 103(b) is well within the discretion of the trial court. *Id.* at 286. "In determining whether there has been an abuse of discretion, we may not substitute our judgment for that of the trial court, or even determine whether the trial court exercised its discretion wisely." *Simmons v. Garces*, 198 Ill. 2d 541, 568, 261 Ill.Dec. 471, 763 N.E.2d 720 (2002).

### III. DISCUSSION

Here, the plaintiff filed his initial Complaint only two days before the statute of limitations expired. From an examination of the Court's docket sheet, a Summons was issued the day the initial Complaint was filed, November 9, 2016. Thereafter, Alias Summons was then issued on February 1, 2017, almost three months after the expiration

4

of the statute of limitations. Approximately four months later, on June 13, 2017, another Alias Summons was issued. There was no other activity, including service, that occurred in the initial lawsuit until the day it was dismissed for lack of prosecution on July 24, 2019, two years and eight months since the Complaint was filed and the limitation expired (Doc. 6-1).

The case was refiled on July 22, 2020, and a Summons issued the same day. It was never served. Another Summons was issued on November 25, 2020, over four months after refiling and over four years after the expiration of the applicable statute of limitations. Once again, the Summons was not served. The case remained inactive until March 2, 2022, when an Alias Summons was issued. The Alias Summons was finally served on Defendant on March 18, 2022, over five years and four months after the expiration of the statute of limitations (Doc. 6-2 and 6-3).

Plaintiff bears the burden of showing the exercise of reasonable diligence in the service of process and must provide a reasonable explanation for any apparent lack of diligence. *Kramer v. Ruiz*, 2021 IL App (5th) 200026, ¶ 21, 197 N.E.3d 710, 715, reh'g denied (June 23, 2021), appeal denied, 175 N.E.3d 137 (Ill. 2021) The Plaintiff has failed to meet his burden here. And, given these facts, it is overtly clear that Plaintiff did not exercise reasonable diligence to obtain service on Defendant, in either the initial suit or the current one, and Plaintiff has not offered any meaningful explanation for his lack of diligence.

At the hearing held on October 4, 2022, Plaintiff's counsel reiterated several deficient arguments raised in his brief. First, Plaintiff's counsel argued that the crux of

5

103(b)'s purpose is to enable parties to defend themselves in a timely manner and that this suit should not be dismissed simply because the Defendant may or may not have known about the initial 2016 lawsuit. This argument is not well taken as there are a number of other factors to be considered in a 103(b) analysis. *See supra Segal* at 287. If this were truly the paramount factor to be considered, defendants could be sued years after lawsuits are initiated, without service of process, by the most negligent of plaintiffs. It is surely not the duty of a defendant to prepare for a lawsuit that may or may not be lawfully served upon them at some hypothetical, distant date in the future. Second, Plaintiff's counsel seemed to argue that several of the cases Defendant's counsel cited in their brief dealing with 103(b) dismissals were distinguishable on the basis that they dealt with other classes of claims—namely, medical malpractice, personal injury, and premises liability. Given that 103(b) expressly does not itself limit itself to certain classes of claims, this argument is likewise not well taken and the Court sees no relevance.

In the most apposite case discussed by the parties here, *Kramer, supra*, a personal injury automobile suit was dismissed for lack of reasonable diligence and service under 103(b) after an 8-month delay in service of process. This is a far cry from the delay evidenced here. Further, as the parties here have acknowledged, multiple 103(b) dismissals have been affirmed across Illinois dealing with far shorter periods of time. *See Kole v. Brubaker*, 325 Ill.App.3d 944, 955 (Ill. App. Ct. 2001) (delay of nine months in effectuating service of process); *Mular v. Ingram*, 2015 Ill. App. 142439 (Ill. App. Ct. 2015) (delay of 10 1⁄2 months); *Long v. Elborno*, 376 Ill.App.3d 970, 980 (Ill. App. Ct. 2007) (delay of seven months);

*Tischer v. Jordan*, 269 Ill.App.3d 301, 308 (Ill. App. Ct. 1995) (delay of six months). Length of time is certainly not dispositive, but the record here is completely void of any legitimate explanation as to why service occurred five years and four months after the initial suit was filed. [1]Accordingly, in light of the lengthy delay in service, Plaintiff's failure to establish that he exercised reasonable diligence in attempting to serve process, and the absence of extraordinary circumstances, the Court concludes that the action must be dismissed with prejudice pursuant to Rule 103(b).

## IV.   CONCLUSION

Defendant Michelle Ritzhaupt's Motion to Dismiss (Docs. 5) is **GRANTED**. The action is dismissed with prejudice pursuant to Rule 103(b). The Clerk is **DIRECTED** to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: January 19, 2023

DAVID W. DUGAN
United States District Judge

---

[1] Contrary to Justice Cates dissent in *Kramer, supra*, it is not an abuse of discretion under Rule 103(b) for a Trial Court to not address all possible factors when a plaintiff fails to provide evidence in support of due diligence or an explanation for the failure to exercise due diligence.